Our third case for argument this morning is Gomez v. Cavalry Portfolio Services. Ms. Miller. May it please the court, counsel. In this case, defendants took a $3,300 debt and turned it into a $5,000 debt by retroactively charging interest to the plaintiffs in the amount of $1,600, which the original creditor, Bank of America, had waived. The district court, in fact, found that defendants were not entitled to collect the interest from the plaintiffs. Based on this, judgment should have been entered in favor of the plaintiffs and not the defendants. However, the district court made three critical errors in its decision. First, the district court erred in applying the FDCPA's one-year statute of limitations by holding that prior time-barred violations make new violations unactionable. Where is that in the district court's decision? That's certainly something that the defendant argues, but I couldn't see that in the district court's decision. It is somewhat convoluted. The district court said that there was nothing deceptive about the March 21, 2014 letter. Exactly. The district court said there was no substantive violation, not that it was time-barred. The defendant argues that it's time-barred, but that just wasn't the district court's theory. Well, my reading of it was that she read the March 2014 letter in conjunction with the 2013 letter and because the plaintiffs were on notice in the 2013 letters, it barred their 2014 letters. I just don't see this in the district court's opinion. She said the only letter within the statute of limitations doesn't mention interest at all, and therefore there's no substantive problem. Right, and we also contend that that was an error, Your Honor. I understand that, but that was the ground of the district court's decision. Well, in that case, the district court erred in finding that the March 2014 letter is not deceptive. What do you think is deceptive in that letter? The March 2014 letter includes a balance of over $6,000, and within that balance is $1,600 worth of interest that had been waived by Bank of America. So is it the inclusion of balance due that has the $6,300 figure that you think is deceptive? Yes, in the attempt to collect that through the March 21, 2014 letter. And given that this is in response to a letter from your client's attorney, applying what a reasonable attorney would understand, how could that be understood as something by a competent attorney other than a response to the inquiry? Well, I think this court made clear in Ruth that it's an objective test, so it's the objective reasonable consumer and how that reasonable consumer would view the letter. But when an attorney is involved, our case law says if it's just the consumer, that's one thing. But when an attorney gets involved at this stage and has the communications, the standard is whether a competent attorney would have been deceived by it. How do you get around that case law? So whether or not a competent attorney would be deceived by the letter, yes. But whether it's in connection with the collection of an attempt to collect a debt, that is an objective standard. But it still has to be deceptive in the first instance. Right. And so I think so how under the competent attorney standard would this letter of March 21 that's responding to the attorney's inquiry be deceiving? Because it doesn't state or it doesn't give any hint that there's $1,600 worth of unauthorized interest being added to the debt unless you look then at the Bank of America statements. I'm puzzled by this contention that this is a violation of the Act because the interest was unauthorized. There is a dispute between the parties about what the waiver clause in the underlying loan agreement means. Right. The district court took one position on that. Are you saying that under this statute the debtor and the debt collector can take only the position that their adversary thinks is correct? I don't think so. Why can't they take a reasonable litigation position? Sure. Well, just to begin, the actual loan document in this case was not in the record. It was a sample, and the testimony relates to the Bank of America's representative saying he's seen those types of provisions in loan documents, not specifically this plaintiff's. But also the issue is that Bank of America could only prospectively add interest at that point. I understand that that is your contention in litigation. I'm asking a legal question. Is it your view that a debt collector must take the obligor's position about what is owed rather than the client's position about what is owed? Respectfully, Your Honor, it's not a position. The debt collector steps into the shoes of the ---- Look, what do you mean it's not a position? Cavalry contends and argued in the district court that the interest was, in fact, accruing because the underlying loan agreement has an anti-waiver clause. The district judge then said, despite the fact that there's an anti-waiver clause, I find that interest was waived. Well, there is no evidence that there was a non-waiver clause. The district judge certainly thought there was. Maybe the judge was wrong. But the judge thought there was. But also, the record clearly establishes that Bank of America was not accruing interest during this period. Yes, I understand your argument that that was a waiver. And the argument on the other side is that there's an anti-waiver clause in the agreement. I'm trying to address a legal issue. You seem to assume. You don't argue. You're just assuming that under the statute, a debt collector must take the legal position of the debtor and cannot take any legal position of its own when it tries to collect a debt. Why does the statute provide that? Well, Your Honor, under TILA, they could only add interest going forward. Once Bank of America decided ---- That is your legal position. No, it's under the Truth in Lending Act. And there's a number of ---- What in the Truth in Lending Act says that an anti-waiver clause in a loan agreement will be ignored? Because you have to send periodic statements. No, look. I've asked you a question about the statute. You say it's the Truth in Lending Act. Your response to my question has to be to cite a provision in the Truth in Lending Act. It is section 10265. If I can get you the exact. It is 12CR102. Apologize. 6.5B2I. We will look at that, but it's your contention that that makes anti-waiver clauses in loan agreements illegal? No. Unconditionally illegal? No, but what I'm saying is that a debt collector, as the assignee of a debt, steps into the shoes of the assignor, and at the time that the assignor waived the debt, they ---- Look, you're just reasserting your contention that interest has been waived. The debt collector says interest can't be waived because there's an anti-waiver clause. One or the other side may be correct about that fight. I'm trying to figure out why, in your view, is it therefore a violation of federal law for the debt collector to take its legal position, one that you say is wrong but which seems to have the support of contractual language? Why is it that, in your view, the Fair Debt Collection Practices Act requires the debt collector to agree with the debtor? Well, because under the FDCPA, they're not allowed to collect amounts that aren't owed, and our position, based on TILA, based on Illinois law on waiver, is that we agree. I think you're just not understanding the question. If it's clear that a debt was never accrued, I can imagine such an argument. But whether the act was violated has to depend on things as they stand at the time a letter is sent. What happens in this case is that long after a letter is sent, there is a dispute, which the district court certainly did not treat as frivolous, about whether interest was accruing under the language of the contract. The district judge resolves that dispute. But the resolution of the dispute, I think, does not retroactively go back and make the letter illegal. Time runs only forward. I hope you can see my problem. Your Honor, because during the two-year period before they purchased the debt, they had waived the debt. That is your legal position. It is, Your Honor. If the district judge had said something like, the debt collector is making an anti-waiver argument, that position is legally frivolous. The judge didn't say that. The judge said, in fact, they've got the better of the argument under the contractual language. But I find that under the circumstances of this case, I'm just not going to enforce the contractual language. That's what the judge said. She said that there was an implied waiver based on their… Exactly. The judge said there was an implied waiver under a contract with a no-waiver clause, which one might think knocks out theories of implied waiver. But your argument seems to be that once the judge resolved that question in 2018 or 2019, a letter that had been sent four years earlier and seemed to be fine when said, retroactively became a violation of the Act. I'm having trouble with this concept. I don't think that she held that it was retroactively a violation of the Act. She held that at the time the letter was sent, they were not entitled to collect the interest that was included, which was retroactively added. And if the judge had resolved that dispute the other way, the letter would have been fine, in your view. That's correct. But she looked at the undisputed facts. Look, I just want to make sure I understand your position and where you think it is in the statute. That if there is a bona fide, non-frivolous legal dispute about how much is owed, the debt collector violates the statute by taking its own position rather than the debtor's position. But the non-waiver provision would only allow Bank of America to add interest going forward, and they did not. So at the time that they purchased the debt, it has been waived. Look, you are restating your position on the merits, but you're not telling me what in the Act makes it a violation of federal law for a debt collector to take a position that turns out not to win in court. What is it that causes that consequence? Because they are demanding an amount that is not owed. And therefore, every time anybody takes a losing position, it's not simply that they lose on the contract. They were legally barred from adding interest, and they added interest retroactively and then attempted to collect that interest. I hope you see the problem, but I don't think you do. I'm sorry, Your Honor. If there's a legal dispute over an amount, how can a representation about what is owed be a misrepresentation under the FDCPA? So the communication itself has to be deceptive, and I think the question is, how can it be deceptive if that deception is based on something that reasonable minds might differ on? Well, I don't think it is an actual false statement. I mean, Calvary knew when they purchased the debt that the balance was $3,300. They knew at charge up it was $3,300. They decided to retroactively add $1,600 to the debt knowing that no interest had accrued during that period. That's your legal position. Bank of America sent a statement when it's... If you had a view from a district court that the debt collector's legal position was frivolous, I might go with you. But if you've got a bona fide dispute, what is it in the statute that requires the debt collector to take the debtor's side of what ought to be done? Your Honor, there are a number of bankruptcy decisions in different district courts that hold that an assignee cannot... The paper they are written on in the Court of Appeals and nothing more. I'm asking about the statute. Why? What is it that Congress has said that requires the debt collector to take the debtor's legal position? The statutory word is misrepresentation, and one does not ordinarily describe taking one or another side of a contestable issue as a misrepresentation. Your Honor, at the time they purchased it, Bank of America admitted that they did not add any interest. You're not addressing my question. You are just restating over and over your position on the merits. I am perfectly willing to assume that your position on the merits is correct. The legal question I keep asking is, what is it about the statute that makes it a violation of the Act to take a position with which a judge later disagrees? Because, Your Honor, they step in the shoes of the original creditor, and they don't get any more rights than the Bank of America had at that time. Bank of America could not have added interest going backwards. You're not pointing... You're not pointing to anything in the statute or a regulation. I have pointed you to TILA, which prevents them from retroactively adding interest. And the FDCPA says... Okay, thank you, counsel. Thank you. Mr. Stromquist. Mr. Stromquist, although this is a very interesting question that I have been pursuing with Ms. Miller, I don't see this argument in your brief. Are you making it? We're not, Your Honor. No, you're not. You're making two arguments, as I get them. One is that the Act doesn't apply to this document because it's a verification document. And the other is that the suit is untimely. But the thing that's missing is the district court's conclusion that the letter didn't violate the Act because there was nothing false or misleading in it. That's the one thing you don't appear to be defending. I'm a little... Well, nonplussed would be a good description. Your Honor, the district court order can be affirmed on two independent grounds. The first is that the sole letter at issue, this March 2014 letter at issue, was simply not sent in connection with the collection of any debt. How can that possibly be true? It's a verification letter. The debt collector sends a demand. Counsel asks for verification. They verify. The statute requires the debt collector to do that. How can you possibly say that this was not sent in connection with an effort to collect a debt when it's one of the very things the statute requires the debt collector to do in connection with the collection of a debt? Your Honor, in the Geburik decision in 2010, which is sort of one of the seminal decisions in this case by Judge Sykes, she pointed out in a footnote... It doesn't make any difference who writes the opinions. They speak for the court. She pointed out in a footnote that... It doesn't make any difference. Opinions of the court do not have a gender. The court held something. Understood, Your Honor. The court pointed out in footnote three that adherence to the formalities of the FDCPA, that is, following certain procedures, should not be determinative of whether the particular communication at issue is actually subject to the FDCPA or not. And I think there's very good reasons for this. Debt collection is one of the most litigious and regulated of all industries. Courts have lamented that... Is there any case you're relying on for the proposition that a verification letter is not covered by the Act? In Goodson, the Sixth Circuit decision, Your Honor, the plaintiff actually called in to request information about the debt. That triggers the FDCPA verification under 1692G. And then that, you know, under G, they're not allowed to collect the debt until they provide that information. And I think the point is what courts have said over and over is that when... Look, look. Is there some case holding that a verification letter is not covered by the Act because it is not sent in connection with an effort to collect a debt? Is there some decision holding it? Not specifically that, but what there is... Okay, is there some regulation providing that? No, Your Honor. Okay. You're basically out all by yourself. Not at all, Your Honor. I mean, we're in the line of cases that say when a debt collector on the bottom of a collection letter says this is an attempt to collect a debt. That does not mean it's an attempt to collect a debt because they are... I understand that. If, for example, what the letter did was offer a free Subway sandwich, it would not be in connection with an effort to collect a debt. This is undoubtedly in connection with an effort to collect a debt. That's why I'm asking if there's some statutory language or some regulatory language or an appellate decision you're relying on for the proposition that a verification letter required by the Fair Debt Collection Practices Act is nonetheless not even covered by the Fair Debt Collection Practices Act. Well, that would... The decision that we're trying to come within is Gurdon, and that was a verification, a debt validation procedure. And they said, again, that following the FD... We want to encourage debt collectors to follow the FDCPA to provide information to consumers, but that following the FDCPA is not determinative of the legal effect of that piece of correspondence. That's what the Gurdon court says in the Sixth Circuit, followed by the Goodson court as well, and, frankly, the Geburk decision in 2010 by this court in footnote three, recognizing that debt collectors attach these disclaimers to every single piece of correspondence that leaves their office, from the most overt and express demand letter to the holiday card that's sent out to the debtor. These are simply done as a matter of course, and including those disclaimers and language of the FDCPA does not determine that that piece of correspondence is subject to the FDCPA, because otherwise you would sort of read out Congress's important limiting language that the FDCPA only applies to a subclass of all communications. And so, as the court said in Geburk, you have to analyze all these different factors and look at the piece of correspondence itself, and it's a case-by-case determination. And the first is to analyze whether the piece of... I don't see how this can be a case-by-case determination. The argument you're making is that a document required by the statute is not covered by the statute. It seems, well, on its face to be wacko. Your Honor... This is not a case-by-case determination. Verification letters are either covered by the Act or they aren't. So it's one thing to be covered by the Act under 1692G, which is the process for how the letters are sent out. It's another thing to be subject to the private right of action under 1690E that says only certain subclasses of communications, and that's when they're sent in connection with a debt. The other, I think, key point here, which the 6th Circuit Court said was its decisive factor in which the 7th Circuit hasn't directly addressed, is that this was sent in response to an inquiry by the consumer's attorney. And the courts have long said, you know, this is a common-sense inquiry. And I think if you step back and apply this common-sense analysis to this, there's a big difference between a collection letter that's sent directly to a consumer making a demand for payment that finds its way to the consumer and the consumer opens up the letter... I would certainly understand an argument that this document complies with the Act, but surely you appreciate that the Act doesn't apply to this document and this document complies with the Act are different arguments, and you seem to be making the former but not the latter. At least I couldn't see in your brief an argument that this document complied with the Act substantively. No, we are, and that brings me to the statute of limitations point, which is that there's nothing independently actionable or violative in the letter. What about the balance amount that counsel argues, the $6,000 figure that's in the upper right-hand corner that says balance? Plaintiff's argument is that that's deceptive or a misrepresentation because of the $2,000 amount that was included in there that shouldn't have been. It's not, Your Honor. That is only, and I think Judge Wood, the lower court pointed this out in the decision granting summary judgment, there's nothing on the face of that letter that's independently actionable or deceptive or false whatsoever. That relates to a decision to charge the retroactive interest what is the purported violation of the complaint, which occurred back in 2011, and it's only in reference to that that anything could possibly be viewed as violative in the letter. That sounds like just a revision of your argument, but because the first two letters are outside the statute of limitations, the third is too, because it just repeats something that was in the first two letters. Is there any legal authority for that proposition? This is the Gajewski case in 2016 by this court. The court involved a foreclosure lawsuit, and the lawsuit was filed outside of the FDCPA statute of limitations, but nonetheless there were a number of actions taken to pursue that lawsuit within the statute of limitations. The people who filed the foreclosure lawsuit routinely showed up in court and asserted their right to this, and courts have said that actions taken in the course of litigation can be independently actionable under the FDCPA, but the court said- I don't understand what this has to do with my question. The dominant case here is the Supreme Court's decision in Morgan against Amtrak, which neither side has cited. Amtrak comes about with the following sequence. Year one, plaintiff shows up and applies for a job, and the defendant says, we don't hire black people, go away. Year two, he shows up and applies for a job, and the defendant says, we still don't hire black people, go away, and he then files a claim of discrimination based on what happened in year two, and the defendant says, yeah, but we told you that a year ago, so this suit is too late. The Supreme Court said, wrong. Each discrete act has its own period of limitations, and the fact that you may have violated the act before doesn't matter, right? So we've got three discrete acts here, three letters. Under the approach of Morgan against Amtrak, each has its own period of limitations, and the fact that it may be impossible to sue on the first two, which may have the same violation of law in them, doesn't matter under Morgan. Why should the Fair Debt Collection Practices Act be treated differently? I don't think it's treated differently, Your Honor. I think you have to look at what is the source of the violation. Obviously, an independent discriminatory act is independently actionable. This is what the Ledbetter court held that we cite in the brief, but when it's simply the later effects of a prior violation. It's not a later effect of a prior violation. It is alleged to be a brand-new letter with a brand-new incorrect number in it. Now, that incorrect number, this is what I was discussing with Ms. Miller, may not violate the act, but you're saying that even if it does violate the act, it can't be sued on because an earlier letter also had an incorrect number in it. That's what I'm trying to figure out, how that's consistent with Morgan against Amtrak. Well, and the difference is because that violation occurred when Calvary went back and made the decision to add that retroactive interest. And this is, and I'll just come briefly back to that. No, the violation occurs each time a letter is sent that does not comply with the act. Well, but, and this is, I'll just go briefly back to the Gajewski case, and the court said that when they filed the foreclosure lawsuit outside of the statute of limitations and then they continued to show up in court and assert the right to this, even though that was within the statute of limitations, that was simply the later effect of that original wrong of the assertion of right entitlement to that, which occurred outside the limitations. And so we're not arguing, there could be threatening and abusive letters, nine letters that are sent out outside the limitations period, and then another letter that's the exact same letter that's sent within the limitations that's threatening and abusive. That's an independent, actionable, discrete wrong because in order to gauge whether it violates the act, you simply have to look at the face of the letter itself. Was the original letter that was sent from the plaintiff's attorney asking for verification of the debt, was that letter sent within the statute of limitations? It was not, Your Honor. Would that matter to the analysis if it had been? I don't think it would, Your Honor. I think it would only run from the correspondence that's outgoing to the debtor. But the Gajewski court held that even when someone shows up in court and asserts a right to a debt that's within the statute of limitations, because they filed the lawsuit outside the statute of limitations, that's not independently actionable. And that's consistent, in fact, with a lot of the cases that the plaintiffs have cited in their briefs that show that you have to look at the specific wrong that's alleged, and whether it's apparent from the face of the letter itself or it's simply the effect of some earlier violation. That's why this is a different case than the threatening and abusive letter that's sent out repeatedly. But the other point I want to just make is that, Your Honors, the courts have said that, again, following the FDCPA, following the rules in the FDCPA, including the disclaimer language, following 1692G and the disclosure language, cannot, because it's included in everything that leaves a debt collector's office, cannot be determinative of whether the act applies. Congress certainly could have decided that they're going to make a strict liability statute that applies to every single piece of paper that leaves a debt collector's office. But they didn't. They limited it specifically to these pieces of communications that are sent in connection with the collection of the debt. I see my time is up, Your Honors. We'd ask that the decision be affirmed. Thank you. Thank you very much. The case is taken under advisement.